JJeadeRICK, Cb. J.,
delivered tlie opinion of the court:
Complainant files bis bill in the chancery court at Knoxville, enjoining the collection of a judgment which be alleges bad been fraudulently obtained against him in the Fentress county circuit court, and on which execution was issued, and was then in the hands of the sheriff of Knox county.
Process was executed on the sheriff of Knox county, and also issued to Fentress, for defendant, Miller, and returned not executed, and that defendant Miller, lived in Kentucky, and, therefore, publication was made as to him as a nonresident.
Afterwards, at the April term, 1872, judgment pro con-fesso, was taken against Miller, and March, 1873, final decree was rendered, perpetually enjoining said judgment, adjudging the costs against Miller, and awarding execution therefor. On the 25th of September, 1875, the solicitor of Miller made and offered his affidavit in said chancery court, stating that Miller was a nonresident at the time and ever since the filing of the bill in this cause; that no process was ever served upon, him; reciting the judgment pro confesso and final decree against him, and that he had no knowledge of the pending suit until after final decree; that no copy of said decree had ever been served upon him, and praying that said decree be set aside, and that defendant have leave to plead or make other defense.
Upon this affidavit alone, the judgment pro confesso and final- decree was set aside, and defendant Miller, was allowed to make defense to said bill. Thereupon, he filed his demurrer, which on argument, was sustained, and the bill dismissed, and decree rendered against complainant and his surety for the amount of the judgment enjoined, and costs, and complainant appealed.
*68 The question presented is, did the chancellor err in allowing the defendant to nrake his defense, and in setting aside said final decree, under facts disclosed in the record? This right to appear and defend, after judgment or decree final, is secured by statute under certain conditions specified in Code, secs. 4376 to 4381 [Shannon’s Code, secs. 6186-6191]. The first named section provides that a nonresident defendant, or one whose name or residence is unknown, not served with process, may appear and defend, at any time before final decree, as of course. The next section provides that all other persons (except nonresidents, and those whose names or residences are unknown) shall show merits before they will be allowed to' appear and defend after judgment by default. The next section, citing secs. 3529-3534 [Shannon’s ' Code, secs. 5289-5294], provides that in cases in chancery brought by attachment of property, the judgment dr decree by default' may be set aside upon application of defendant, and good cause shown, within twelve months, and defense permitted. Then the next section is: In all other cases a decree against a defendant, without service of process on him, who does not appear to defend, is not absolute for three years from the time the decree was rendered, unless a copy of the decree is served on the defendant, in which case it becomes absolute, if no defense is thereafter made, within six months after such service.
Sec. 4381 provides that the original defendant, his heir, etc., may within six months after the service of a copy of the decree, or within three years after the decree, “be admitted to- answer the bill, upon petition showing merits, and giving security for the payment of the costs,” etc. Talcing these several sections together, we understand them to give a nonresident defendant, or one whose name or residence is unknown, leave to' defend at any time before final decree, without showing merits in his application.
After final decree, he may appear and defend, unless a *69 copy of tbe decree is served on him; then within six months from such service. And the manner in which he is permitted to defend is by answer, upon his petition -for leave, showing a meritorious defense, and upon giving security for the payment of costs.
Upon this being done, sec. 4381 provides that witnesses on both sides may be examined, and such other proceedings may be had thereon, as if the cause were then newly begun. This evidently contemplates the making of an issue by answer, upon which evidence may be taken. We are, therefore, of opinion that the order of the chancellor setting aside the final decree and dismissing the bill upon defendant’s demurrer, was erroneous. Even if the affidavit were assumed to be sufficient in form as a petition, it is fatally defective iu substance. It shows no- merits, nor was any answer filed or security given for costs.
The chancellor’s decree will be reversed, defendant Miller will pay the costs of this court, and cause remanded.